**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**CHARLES MCCLINTON**

               **Plaintiff,**

               **v.**                                 9:14-cv-367
                                            (GLS/TWD)

**GREAT MEADOWS CORRECTIONAL
FACILITY** *et al.*

               **Defendant.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

CHARLES MCCLINTON
12-A-5657
Last know address
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

**Gary L. Sharpe
Chief Judge**

## DECISION AND ORDER

     The court cannot locate *pro se* plaintiff, Charles McClinton.

Accordingly, it considers *sua sponte* McClinton's noncompliance with this

District's Local Rules by failing to notify the court of his current address

and by not prosecuting his action.

On April 3, 2014, Charles McClinton filed a civil rights action. *See Dkt. No.* 1. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(c) provides:

> **All . . . *pro se* litigants must immediately notify the court of any change of address.** Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the notice shall apply . . . . (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir. 1982).

On September 16, 2014, the Court issued a Decision and Order denying plaintiff's in forma pauperis application without prejudice with leave to renew.  Plaintiff was directed to pay the $400.00 filing fee or submit a renewed in forma pauperis application detailing his current financial condition within thirty (30) days from the date of the filing of the Decision and Order.  The plaintiff was warned that his failure to timely comply would result in dismissal of his action without prejudice and without further order of the court*.  See Dkt. No.* 9.  McClinton's copy was mailed to his last known address, but was marked return to sender - - Discharged.  *See Dkt. No.* 10.[1]

On October 8, 2014, the Court issued an order directing McClinton to notify the court by November 10, 2014 of his current address and/or verify that his mailing address is as listed in the caption of this order and to comply with the Court's Decision and Order issued on September 16, 2014.  *See Dkt. Nos.* 9 *and* 11.  The court warned McClinton that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(c)(2) and 41.2(b).  McClinton's copy was mailed to his last known address, but was marked return to sender - - Discharged.

---

[1] This court verified that McClinton was discharged on September 10, 2014.  See N.Y.S. Department of Corrections website; http:/nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120

*See Dkt. No.* 12.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*,

177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

McClinton's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. Accordingly, it is hereby

**ORDERED** that McClinton's complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's orders dated September 16, 2014 and October 8, 2014, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order upon the plaintiff at the address listed in the caption as directed under the local rules; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:    December 3, 2014**
          **Albany, New York**

Gary L. Sharpe
Chief Judge
U.S. District Court